**Gregory Spallas (SBN 129306)**
**Kathleen J. Hall (SBN 320790)**
PHILLIPS SPALLAS & ANGSTADT LLP
505 Sansome Street, 6th Floor
San Francisco, CA 94111
Tel:  (415) 278-9400
Fax:  (415) 278-9411

Attorneys for Defendant
WALMART, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIFA HASANI , an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a corporation, and DOES 1 through 25,<br><br>Defendants. | Fed Case No. TO BE ASSIGNED<br><br>[Contra Costa County Superior Court Case No:C19-01229]<br><br>**DEFENDANT WALMART, INC.'S PETITION FOR REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(b) [DIVERSITY]**<br><br>JURY TRIAL DEMANDED |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF:**

PLEASE TAKE NOTICE THAT Defendant WALMART, INC. (hereinafter "Walmart" or "Defendant") removes to this United States District Court the state court action described below.

1.     On or about June 24, 2019 Plaintiff SHARIFA HASANI filed a Complaint for Damages in the Superior Court of the State of California in and for the County of Contra Costa entitled *Sharifa Hasani v. Walmart, Inc., and Does 1-25,* case no. C19-01229. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.     Plaintiff served Defendant with a copy of said Complaint and Summons on July 5, 2019, through Walmart's registered agent.  A true and correct copy of the Summons is attached hereto as **Exhibit B**.

3.      Defendant filed an Answer to Plaintiff's Complaint on August 5, 2019. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C.**

4.      This action is a civil action of which this Court now has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and that the matter in controversy will exceed the sum of $75,000, exclusive of interest and costs.

5.      Defendant is informed and believes that Plaintiff, according to the Complaint, is a citizen of the State of California.   Defendant was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of Arkansas.  This is the only Defendant that has been named in and served with the Summons and Complaint in this action.  In addition to Defendant Walmart, Plaintiff sued "Doe" defendants in this matter, but Walmart is informed and thereupon believes Plaintiff has not identified or served any of any of these fictitious defendants.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of "Doe" defendants shall be disregarded for purposes of removal.   Thus, there is complete diversity among the parties.

6.      The Complaint is unclear as to the amount of damages sought by Plaintiff.   The amount in controversy is determined by the compensatory damages (including general and special damages), punitive damages, and attorney fees.  (*Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005).)   Defendant must prove the existence of the jurisdictional amount by a preponderance of the evidence.  (*Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996.)  In her Complaint, Plaintiff seeks the following relief, *inter alia,* for Defendant's purported discriminatory and retaliatory acts in violation of California's Fair Employment and Housing Act (FEHA) and the California Family Rights Act: compensatory damages, special damages, general damages, and attorney fees and costs. Plaintiff also seeks punitive and/or exemplary damages. Because the Complaint was silent as to the damages amount, Walmart was uncertain at the time it filed its Answer to Plaintiff's Complaint as to the actual amount in controversy.

7.      However, Plaintiff's settlement demand evidences her belief that her claims are valued more than $75,000.   Settlement demands may be the exclusive piece of evidence to establish the amount in controversy, so long as they reflect a reasonable estimate of the Plaintiff's claims.  (*Cohn v. Pet-smart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).)

8.      On January 21, 2020, Plaintiff's counsel sent an email demanding $102,000 to settle all of Plaintiff's claim.  When viewed in light of Plaintiff's causes of action for disability discrimination, failure to accommodate her disability, failure to engage in the interactive process, retaliation, claims for compensatory and punitive damages, demand for attorney's fees and settlement demands, the amount in controversy exceeds $75,000.  Attached hereto is a true and correct redacted copy of the email as **EXHIBIT D.**

9.      Defendant Walmart herein requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Walmart, Inc. now removes the above-entitled action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(b).

Respectfully Submitted,

Date: January 29, 2020                **PHILLIPS, SPALLAS & ANGSTADT** LLP


By: */s/ Gregory L. Spallas_____*
        Gregory L. Spallas
        Kathleen J. Hall
        Attorneys for Defendant
        WALMART, INC.

# EXHIBIT A

Stephen Danz (SBN 68318)
STEPHEN DANZ AND ASSOCIATES
11661 San Vicente Blvd., Suite 500
Los Angeles, California 90049
Phone: (877)715-6551 Fax: (310) 388-0529
Email: stephen.danz@employmentattorneyca.com

Bruce Weisenberg (SBN 260521)
WEISENBERG LAW
571A Arguello Blvd
San Francisco, CA  94118
Phone: (415) 553-0911 Fax: (626) 231-2872
Email: bruce@weisenberg.legal

Attorneys for Plaintiff SHARIFA HASANI

FILED

JUN 24 2019

K. BEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ Deputy Clerk

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT ____ FOR ALL
PURPOSES

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA   SUMMONS ISSUED

UNLIMITED JURISDICTION

C 19-01229

| | |
|---|---|
| SHARIFA HASANI , an individual,<br><br>　　　Plaintiff,<br><br>　v.<br><br>WALMART, INC., a corporation, and DOES 1 through 25,<br><br>　　　Defendants. | **COMPLAINT FOR DAMAGES**<br><br>1. **Disability Discrimination**<br>2. **Failure to Engage in the Interactive Process**<br>3. **Failure to Accommodate**<br>4. **Failure to Prevent Discrimination**<br>5. **Retaliation - FEHA**<br>6. **Labor Code § 1105.2 Retaliation**<br>7. **Violation of Labor Code § 98.6**<br>8. **Wrongful Termination**<br>9. **Negligent Infliction of Emotional Distress**<br>10. **Intentional Infliction of Emotional Distress**<br>11. **Unfair Business Practices**<br><br>**REQUEST FOR JURY TRIAL** |

### INTRODUCTION

1.　　　Plaintiff SHARIFA HASANI (HASANI) worked for Defendant WALMART, INC.

(WALMART) for almost twelve years until she began to suffer from mental and physical

1 | disabilities that caused her to miss work. Requests for mental and physical disability leaves of

2 | absence and a request for bereavement leave were denied. Her potential workers' compensation

3 | claims were shockingly discouraged by the general manager of the store, who was "sick of"

4 | HASANI's requests. After being denied multiple requests for leave, Plaintiff was terminated on the

5 | basis of attendance.

6 |     2.    Plaintiff was terminated after Defendant failed to engage in the interactive process,

7 | denied Plaintiff the chance to arrive at a reasonable accommodation for her mental and physical

8 | challenges. Moreover, Defendant interfered with Plaintiff's right to leave, lied to her regarding the

9 | availability of workers' compensation for one of her injuries, and, in conscious disregard for

10 | Plaintiff's rights, terminated her employment.

11 | **PARTIES AND VENUE**

12 |     3.    At all times mentioned in this complaint, Defendant WALMART  was and is a

13 | corporation, organized and existing under the laws of the State of Delaware, with its principal place

14 | of business in Benton, Arkansas.

15 |     4.    At all times mentioned in this complaint, Plaintiff was employed by Defendant

16 | WALMART in Contra Costa County and was a resident of Antioch, Contra Costa County,

17 | California.

18 |     5.    The underlying events described herein occurred in Contra Costa County.

19 |     6.    Defendants DOES 1 through 25 (collectively referred to herein as "DOES") are

20 | sued under fictitious names.  Their true names and capacities are unknown to Plaintiff.  Plaintiff is

21 | informed and believes and thereon alleges that each of these fictitiously-named DOES are

22 | responsible in some way for the occurrences herein alleged and Plaintiff's' damages as alleged

23 | herein.  When the true names of DOES are ascertained, Plaintiff will amend this Complaint with

24 | their true names and capacities.

25 |     7.    Each of these Defendants named is responsible in some manner for the occurrences

26 | described. Plaintiff injuries were proximately caused by all Defendants herein.

27 |     8.    Jurisdiction and venue is proper in Contra Costa County, California.

28 |     9.    The amount in controversy in this matter exceeds the minimum jurisdictional limits

of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     Plaintiff filed a complaint with the California Department of Fair Employment and Housing relating to her FEHA claims and obtained the necessary Right to Sue Letter dated June 20, 2019. (Ex. A)

11.     Plaintiff is not required to exhaust any administrative remedies prior to filing the wrongful discharge in violation of public policy, common law, or Labor Code claims.

## FACTUAL ALLEGATIONS

12.     Plaintiff SHARIFA HASANI began working for Defendant WALMART in Antioch, California in September of 2007. Her employment was terminated on January 9, 2019.

13.     In over 11 years, Plaintiff held different positions. She worked as a floor associate from more than five years. She was given a raise and promoted to electronics sales associate, a position she held for more than four years.  She received a raise with the promotion and regular positive reviews and raises. She worked in electronics for abourt five years

14.     Plaintiff then worked selling credit cards in the front of the store, asking arriving customers whether they were interested in applying for a credit card. Plaintiff performed well, as evidenced by excellent results, customer feedback, reviews, and the regular bonuses she received in acknowledgment of her efforts. Pla

15.     When Plaintiff's previous manager, Sue Gildert, was in charge of the store, Plaintiff would receive a $10 bonus for every three credit card applications she would complete. She received over $2000 in such bonuses. When the store's new general manager, Keith Samini, took over, he immediately eliminated all bonuses for credit card sales. .

16.     In November 2017, she asked for and was granted a two month leave of absence for surgery and recovery.  She returned to work without incident on January 1, 2018.

17.     In August of 2018, Plaintiff was promoted again, this time to a customer service position, where her job duties included processing merchandise returns, issuing money-grams, and otherwise addressing customer issues and problems.

18.     Plaintiff typically worked around just under 29-30 hours per week. She earned $14 per hour with no benefits.

19.     Throughout her employment, Plaintiff's work performance was exemplary. She received raises every year. Her performance reviews were positive, including the last few years from both her old manager, Sue Geldert and her new manager, Keith Samini.

20.     In about September of 2018, Plaintiff asked Keith Samini if she could take a few days off here and there for a few months because of debilitating depression and anxiety from family matters. She asked them for some time intermittent off during the last few months of 2018.

21.     Plaintiff was open and honest with both Sally Rodriguez and Keith Samini about her sometimes-crippling anxiety and depression.

22.     Defendant's third party leave-of-absence management vendor, Sedgewick, denied her request on the basis that she did not qualify for FMLA or CFRA because she had not worked 1250 hours during the previous year, in part because she had taken time off for her surgery during that year.

23.     In November of 2018, Plaintiff's brother died, causing her further depression. She asked for a few days off to fly to Los Angeles to be with her family during the funeral.

24.     Per the instruction of Sally Rodriguez, Defendant's human resources manager, Plaintiff submitted her bereavement leave request directly to Defendant's third party leave-of-absence management vendor, Sedgewick.

25.     Ms. Rodriguez told Plaintiff that Sedgwick had denied the request on the basis that, during the holiday season, nobody is allowed to take a leave of absence.

26.     Plaintiff contacted Sedgwick to protest and further explain her request, but was told that Ms. Rodriguez had denied the leave request herself.

27.     On December 13, 2018, Plaintiff sent general manager Keith Samini a text message asking for a response to the voicemail she had earlier left Samini about her bereavement request. That text and voicemail went unanswered.

28.     While Plaintiff's bereavement leave was denied, she was unable to go to work. Nor did she go to Los Angeles.

4
COMPLAINT

29.     Defendant was aware of Plaintiff's anxiety regarding her family. Plaintiff's daughter also worked at the store. On several occasions, her husband would be in the parking lot, watching and waiting for her. There were several public fights and on a few occasions, security came to Plaintiff in the store to tell her that her son-in-law was striking her daughter in the parking lot.

30.     One night during late 2018, Plaintiff's son-in-law attacked and struck Plaintiff's daughter in the WALMART parking lot.  Two assistant managers – Christopher Byrd (who eventually conducted Plaintiff's termination) and Alvina Raiford – joined security guards, including Myleana Gumataotao-Stewart, outside to intercede.  Plaintiff's daughter was terminated for her role in the incident.

31.     The next day Plaintiff texted assistant manager Alvina Raiford. She asked, "Did you see last night what is going on in my life? That's one reason I've been missing work."

32.     In addition to mental condition, plaintiff was physically injured three times. These injuries also caused her to miss work on several occasions.

33.     The first injury occurred in early 2018.  Plaintiff was on her way to the breakroom. As she waited for the assistant manager, Tran, to pass, heh dropped a large box on her head.  Per company policy, she filed an incident report with Tran directly but did not go to doctor. Plaintiff's head hurt for a few days afterwards, but she did not stop work or file for workers' compensation.

34.     In early December of 2018, Ms. Plaintiff was injured again when a customer pushing a heavy cart filled with water and cases of beverages ran her over.  Plaintiff fell and had to be held up by a co-worker. She sustained a significant injury to her right hip, causing her to limp noticeably for a few weeks.

35.     Having been previously warned against filing a worker's compensation claim by other employees, she did not seek medical treatment or file a claim.

36.     Further, she asked for a seat so she could perform her duties without pain, but that request was denied by an assistant manager, Myneana. The refusal to provide suitable seating exacerbated her injury and slowed her recovery.

37.     On December 19, 2018, Plaintiff was walking out of the store immediately after

punching out when her pants caught on a broken merchandise display table. Plaintiff fell hard, sustaining injuries to her face, head, and knee. Again, she filed an incident report.

38.    The day after the incident, general manager Keith Samini saw Plaintiff and an assistant manager walking towards the manager's office. He called her into his office.

39.    Mr. Samini discouraged Plaintiff from seeking medical treatment. Mr. Samimi said the entire store loses money every time an employee makes a workers' compensation claim.  He further explained that none of the sales associates would get their quarterly bonus if there were workers' compensation claims.

40.    Plaintiff remembers Mr. Samimi saying, "If one person gets injured and goes to the doctor, everybody loses their bonus" and "the store loses $60,000 every time someone goes to e doctor with a workers' compensation claim" and "make sure you don't go to the doctor!"

41.    When her knee continued bothering her, she tried to tell GM Keith Samini, but her voice requests went unanswered.

42.    On information and belief, Keith Samini complained about Plaintiff to market manager Michael Zobel, telling him that Plaintiff was a "problem employee" and bothered him too much. Mr. Samini also told Mr. Zobel that he was sick and tired of Plaintiff's complaints about her health and her leave requests, and that Plaintiff "has an issue every day"

43.    After she was terminated, Mr. Zobel admitted that Mr. Samini had told him he was sick of Plaintiff coming to his door, despite Mr. Samini's purported open door policy.

44.    On January 9 2019, WALMART terminated her employment, purportedly for her attendance.

**First Cause of Action**
**Disability Discrimination (Cal. Govt. Code §12940(a))**
**Against All Defendants**

45.    Plaintiff hereby incorporates each and every allegation contained in the foregoing paragraphs 1-44 as though fully set forth herein. .

46.    At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, et seq., was in full force and effect and was fully binding

1  upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section

2  12940(a), prohibiting discrimination in employment based on physical disability.

3       47.    Defendant discriminated against Plaintiff on the basis of her disability in violation

4  of FEHA.

5       48.    Defendant's discrimination was a substantial motivating factor in causing Plaintiff

6  harm.

7       49.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

8  special damages, including, but not limited to past and future loss of income, benefits, and other

9  damages to be proven at the time of trial.

10       50.    As a direct and proximate result of the unlawful conduct of the Defendants,

11  Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, and

12  physical distress and injury, humiliation, emotional distress, stress and other damages to be proven

13  at trial.

14       51.    Defendants committed these acts maliciously, fraudulently, and impressively in

15  constant disregard for Plaintiff's rights. Defendants committed and/or ratified the acts alleged in.

16  These acts were committed with knowledge of employees' lack of fitness in the workplace but were

17  allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is

18  therefore entitled to recover punitive damages from Defendants in an amount according to proof at

19  trial in a sum appropriate to punish and make an example of Defendant.

20       52.    Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to California

21  Government Code § 12965(b).

22                    **Second Cause of Action**
           **Failure to Engage in a Timely, Good Faith Interactive Process**
23             **Cal. Govt. Code §12940(n) Against All Defendants**

24       53.    Plaintiff hereby incorporates each and every allegation contained in the foregoing

25  paragraphs 1-44 as though fully set forth herein.

26       54.    At all relevant times, the California Fair Employment and Housing Act (FEHA),

27  California Government Code § 12940, *et seq*., was in full force and effect and binding on

28  Defendants, each of whom, upon information and belief, regularly employs more than five

                                    7

1    individuals. Plaintiff was an "eligible employee" and defendant was a "covered employer" under

2    FEHA (Cal Govt Code § 12900, *et seq*.).

3         55.     During the course of his employment with Defendant, Plaintiff suffered a physical

4    disability and medical condition.

5         56.     Plaintiff's physical condition was a disability within the meaning of California

6    Government Code § 12926(l) in that it limits his ability to engage in several major life activities,

7    including working, walking, sitting, and standing; and affected his musculoskeletal system.

8         57.     Defendant knew that plaintiff had a physical disability and medical condition

9    and/or regarded plaintiff as a person with a disability that limited plaintiff in major life activities.

10        58.     Despite his disability, Plaintiff was able to perform essential job duties with

11   reasonable accommodation for his physical disability and condition. At all times during his

12   employment Plaintiff was otherwise qualified to do his job.

13        59.     Government Code 12940(n) requires employers to engage in a timely, good faith,

14   interactive process with an employee for applicant to determine effective, reasonable

15   accommodations, if any, in response to a request for reasonable accommodation by (an) employee

16   or applicant with a known physical or mental disability or known medical condition." See also 2

17   C.C.R. § 11069.

18        60.     Employers are required by California law to initiate the interactive process once

19   they are on notice that an accommodation may be needed. 2 C.C.R. §11069(b). An employer is on

20   notice when an employee with a known physical disability requests a reasonable accommodation, or

21   when the employer becomes aware of the need for accommodation through a third party or by

22   observation.

23        61.     Government Code 12940(n) requires employers to engage in a timely, good faith,

24   interactive process with an employee for applicant to determine effective, reasonable

25   accommodations, if any, in response to a request for reasonable accommodation by (an) employee

26   or applicant with a known physical or mental disability or known medical condition." *See also*

27        62.     Once on notice, Defendants were required to grant any accommodation requested

28   by Plaintiff, or reject it after due consideration and initiate discussion regarding alternative

accommodations. The employer's duty to engage in the interactive process includes analyzing the disability involved and the essential functions of the job, and, in consultation with the employee, identifying potential accommodations and assessing them with respect to their effectiveness in committing the employee to perform the essential functions of the job or to enjoy equivalent benefits and privileges of employment compared to non-disabled employees.

63.     Plaintiff informed Defendant of her disability and requested reasonable accommodations on several occasions. Plaintiff was willing to participate in the interactive process to determine reasonable accommodation.  Defendants failed to participate in a timely, good faith interactive process.

64.     Defendants' failure to engage the interactive process was substantial motivating factor in causing Plaintiff harm.

65.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at the time of trial.

66.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, and physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at trial.

67.     Defendants committed these acts maliciously, fraudulently, and impressively in constant disregard for Plaintiff's rights. Defendants committed and/or ratified the acts alleged in. These acts were committed with knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial in a sum appropriate to punish and make an example of Defendant

68.     Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to California Government Code § 12965(b).

**Third Cause of Action**
**Failure to Accommodate (Cal. Govt. Code §12940(m)**
**Against All Defendants**

69.     Plaintiff hereby incorporates each and every allegation contained in the foregoing paragraphs 1-44 as though fully set forth herein.

70.     During the course of his employment with Defendant, Plaintiff suffered from a serious physical disability and medical condition.

71.     Defendant knew that plaintiff had a physical disability and medical condition and/or regarded plaintiff as a person with a condition that limited plaintiff in a major life activity.

72.     Despite her disability, Plaintiff was able to perform the essential job duties with reasonable accommodation for her physical disability and condition. At all times during her employment Plaintiff was otherwise qualified to do her job.

73.     California Government Code § 12940(m) makes it in unlawful employment practice for an employer to fail to make a reasonable accommodation for the known physical or mental disability of an employee. Employers have an affirmative duty to make reasonable accommodations for employees with disabilities unless they engage in the interactive process and demonstrate that accommodation would impose an undue hardship. Such accommodation may be necessary to accommodate an employee with a disability to enable him to meet the employer's standards for quality and quantity. The employer is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship.

74.     Plaintiff attempted to obtain reasonable accommodations on numerous occasions. Defendants failed to engage in the interactive process and failed to accommodate Plaintiff's disability.

75.     Defendants' failure to accommodate Plaintiff's disability was substantial factor in causing Plaintiff harm.

76.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages, including, but not limited to past and future loss of income, benefits, and other

1   damages to be proven at the time of trial.

2       77.     As a direct and proximate result of the unlawful conduct of the Defendants,

3   Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, and

4   physical distress and injury, humiliation, emotional distress, stress and other damages to be proven

5   at trial.

6       78.     Defendants committed these acts maliciously, fraudulently, and impressively in

7   constant disregard of Plaintiff's rights. Defendants committed and/or ratified the acts alleged in.

8   These acts were committed with knowledge of employees' lack of fitness in the workplace but were

9   allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is

10   therefore entitled to recover punitive damages from Defendants in an amount according to proof at

11   trial in a sum appropriate to punish and make an example of Defendant.

12       79.     Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to California

13   Government Code § 12965(b).

**Fourth Cause of Action**
**Failure to Prevent Unlawful Discrimination (Cal. Govt. Code §12940(k)**
**Against all Defendants**

16       80.     Plaintiff hereby incorporates each and every allegation contained in the foregoing

17   paragraphs 1-48 as though fully set forth herein.

18       81.     California Government Code section 12940(k) makes it in unlawful employment

19   practice for an employer to "fail to take all reasonable steps to prevent discrimination and

20   harassment from occurring."   Defendants violated this provision by filling to prevent

21   discrimination against Plaintiff.

22       82.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

23   special damages, including, but not limited to past and future loss of income, benefits, and other

24   damages to be proven at the time of trial.

25       83.     As a direct and proximate result of the unlawful conduct of the Defendants,

26   Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, and

27   physical distress and injury, humiliation, emotional distress, stress and other damages to be proven

28   at trial.

84.     Defendants committed these acts maliciously, fraudulently, and impressively in constant disregard for Plaintiff's rights. Defendants committed and/or ratified the acts alleged in. These acts were committed with knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial in a sum appropriate to punish and make an example of Defendant.

85.     Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to California Government Code § 12965(b).

**Fifth Cause of Action**
**Retaliation (Cal. Govt. Code §12940(a))**
**Against All Defendants**

86.     Plaintiff hereby incorporates each and every allegation contained in the foregoing paragraphs 1-44 as though fully set forth herein.

87.     At all times herein mentioned, California's Fair Employment and Housing Act, California Government Code §§ 12900, et seq., was in full force and effect and was fully binding upon Defendant.  Specifically, § 12940(h) makes it an unlawful employment practice for an employer to discriminate against any person because the person has opposed any practices forbidden under this part.

88.     On multiple occasions, Plaintiff opposed the Company's discriminatory practices. Defendants retaliated against Plaintiff by terminating her employment. The unlawful conduct of Defendants as alleged was a substantial factor in causing Plaintiff harm.

89.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages, including, but not limited to past and future loss of income, benefits, and other damages to be proven at the time of trial.

90.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, and physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at trial.

91.     Defendants committed these acts maliciously, fraudulently, and impressively in

constant disregard for Plaintiff's rights. Defendants committed and/or ratified the acts alleged in.
These acts were committed with knowledge of employees' lack of fitness in the workplace but were
allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is
therefore entitled to recover punitive damages from Defendants in an amount according to proof at
trial in a sum appropriate to punish and make an example of Defendant.

92.     Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to California
Government Code § 12965(b).

**Sixth Cause of Action**
**(Retaliation in Violation Common Law and of Labor Code § 1102.5, et seq.)**
**Against All Defendants**

93.     Plaintiff hereby incorporates each and every allegation contained in the foregoing
paragraphs 1-44 as though fully set forth herein.

94.     At all relevant times, Labor Code section 98.6 was in effect and binding on
Defendants.  Labor Code section 1198.6 provides,

> An employer, or any person acting on behalf of the employer, shall not retaliate
> against an employee for disclosing information, or because the employer believes that
> the employee disclosed or may disclose information, to a government or law
> enforcement agency, to a person with authority over the employee or another
> employee who has the authority to investigate, discover, or correct the violation or
> noncompliance, or for providing information to, or testifying before, any public body
> conducting an investigation, hearing, or inquiry, if the employee has reasonable cause
> to believe that the information discloses a violation of state or federal statute, or a
> violation of or noncompliance with a local, state, or federal rule or regulation...

95.     Defendants wrongfully retaliated against Plaintiff, after Plaintiff complained about
and/or would likely complain about and disclose information regarding illegality with respect to her
requests for leaves of absence and workers' compensation benefits. Defendants reasonably believed
at the time that Plaintiff would and/or had disclose(d) information regarding Defendant's violations
of law to the government agencies with the authority to enforce.  The retaliation Plaintiff suffered
includes but is not limited to the eventual termination.

96.     Plaintiff had reasonable cause to believe that Defendants' actions violated
California laws and regulations and that Defendant was not in compliance with those laws.
Plaintiff's actual and/or potential disclose of her concerns and complaints were a substantial,

13
COMPLAINT

motivating, and contributing factor in Defendant's decision to terminate Plaintiff.

97.     As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, Plaintiff has suffered general and special damages in sums according to proof.

98.     As a further proximate result of Defendants' retaliatory actions against Plaintiff, as alleged above, Plaintiff has and continues to incur attorney's fees and costs to enforce his rights, which Plaintiff will seek to recover pursuant to California Code of Civil Procedure ("CCP") §1021.5.

**Seventh Cause of Action**
**(Violations of Labor Code § 98.6)**
**Against All Defendants**

99.     Plaintiff hereby incorporates each and every allegation contained in the foregoing paragraphs 1-44 as though fully set forth herein.

100.     At all relevant times, Labor Code section 98.6 was in effect and binding on Defendants.  Labor Code section 98.6 provides, in relevant part, "A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter...."

101.     Plaintiff's objections to, complaints, and reports of Defendants' violation of law led to her termination. Plaintiff's termination was in violation of Labor Code section 98.6.

102.     Plaintiff's attempts to exercise her rights were a motivating and substantial factor in Defendants' termination of her employment.

103.     As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 98.6, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

104.     As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

105.     Defendants committed these acts maliciously, fraudulently, and impressively in constant disregard for Plaintiff's rights. Defendants committed and/or ratified the acts alleged in.

14
COMPLAINT

1    These acts were committed with knowledge of employees' lack of fitness in the workplace but were

2    allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is

3    therefore entitled to recover punitive damages from Defendants in an amount according to proof at

4    trial in a sum appropriate to punish and make an example of Defendant.

5          106.    Plaintiff is entitled to reasonable attorneys' fees and costs.

6

7                            **Eighth Cause of Action**
                 **Wrongful Termination in Violation of Public Policy**
8                            **Against All Defendants**

9          107.    Plaintiff hereby incorporates each and every allegation contained in the foregoing

10   paragraphs 1-44 as though fully set forth herein.

11         108.    Defendant's discrimination against Plaintiff, retaliation against Plaintiff and

12   failure to prevent discrimination violate established public policy. Plaintiff's termination is tethered

13   to these illegal acts.

14         109.    Plaintiff's termination violated California Government Code sections 12940 (a),

15   (k), (n), and (m) as well as Labor Code sections 1102.5 and 98.6.

16         110.    As a direct and proximate result of the unlawful conduct of the Defendants,

17   Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, and

18   physical distress and injury, humiliation, emotional distress, stress and other damages to be proven

19   at trial.

20         111.    Defendants committed these acts maliciously, fraudulently, and impressively in

21   constant disregard for Plaintiff's rights. Defendants committed and/or ratified the acts alleged in.

22   These acts were committed with knowledge of employees' lack of fitness in the workplace but were

23   allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is

24   therefore entitled to recover punitive damages from Defendants in an amount according to proof at

25   trial in a sum appropriate to punish and make an example of Defendant.

26         112.    Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to California

27   Government Code § 12965(b).

28

**Ninth Cause of Action**
**Negligent Infliction of Emotional Distress**
**Against All Defendants**

113.    Plaintiff hereby incorporates each and every allegation contained in the foregoing paragraphs 1-44 as though fully set forth herein.

114.    Defendants had and continue to have a duty of reasonable care with respect to Plaintiff.

115.    Defendants, by and through their agents, breached their duty of care to Plaintiff by wrongfully terminating plaintiff's employment, retaliating against Plaintiff for refusing to apply discriminatory hiring policies, and demanding the same opportunities to succeed as similarly situated employees.

116.    Defendants were acting in the scope of their employment when they breached their duties of care to plaintiff as described herein, rendering defendants liable for this negligence.

117.    As a direct and proximate result of Defendants' breaches of their duty of care, Plaintiff has suffered special damages, including, but not limited to past and future loss of income, benefits, and other damages to be proven at the time of trial.

118.    As a direct and proximate result of Defendants' breaches of their duty of care, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, and physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at trial.

119.    Defendants committed these acts maliciously, fraudulently, and impressively in constant disregard for Plaintiff's rights. Defendants committed and/or ratified the acts alleged in. These acts were committed with knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial in a sum appropriate to punish and make an example of Defendant.

**Tenth Cause of Action**
**Intentional Infliction of Emotional Distress**
**Against All Defendants**

120.     Plaintiff hereby incorporates each and every allegation contained in the foregoing paragraphs 1-44 as though fully set forth herein.

121.     Defendants had and continue to have a duty of reasonable care with respect to plaintiff.

122.     Defendants, by and through their agents, breach its duty of care to Plaintiff by wrongfully terminating plaintiff's employment, retaliating against Plaintiff for refusing to apply discriminatory hiring policies, and demanding the same opportunities to succeed as similarly situated employees.

123.     As a direct and proximate result of Defendants' breaches of their duty of care, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, and physical distress and injury, humiliation, emotional distress, stress and other damages to be p roven at trial.

124.     Defendants committed these acts maliciously, fraudulently, and impressively in constant disregard for Plaintiff's rights. Defendants committed and/or ratified the acts alleged in. These acts were committed with knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial in a sum appropriate to punish and make an example of Defendant.

**Eleventh Cause of Action**
**Unfair Business Practices (Business and Professions Cod e §17200)**
**Against All Defendants**

125.     Plaintiff hereby incorporates each and every allegation contained in the foregoing paragraphs 1-124 as though fully set forth herein.

126.     By violating California Government Code sections 12940 (a), (k), (m), and (m) as well as Labor Code sections 1102.5, 98.6, and 132(a), the acts of Defendant constitute unfair and unlawful business practices under Business and Professions Code §17200 et seq.

127. Defendants' violation of the California Government Code and Labor Code constitutes a business practice because it was done in a systematic manner to the detriment of Plaintiff and other employees.

128. The General Manager's statement that "all workers lose their bonuses if there are workers' compensation claims" is an unfair business practice intended to discourage Plaintiff and other employees from exercising their legal rights.

129. Plaintiff intends to request the appointment of a court monitor to conduct discovery on worker's compensation claims at the applicable store and reserves the right to amend this Complaint to allege class damages on behalf of similarly situated employees denied workers' compensation benefits as a result of Defendant's.

130. Plaintiff has suffered damages and requests damages and/or restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

131. Defendants committed these acts maliciously, fraudulently, and impressively in constant disregard for Plaintiff's rights. Defendants committed and/or ratified the acts alleged in. These acts were committed with knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of the Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial in a sum appropriate to punish and make an example of Defendant.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages, general damages, and special damages according to proof;
2. For interest, including pre-judgment interest, at the legal rate.
3. For penalties, including but not limited to penalties for each violation of Labor Code sections 1102.5 and 98.6.

4. For punitive damages, according to proof at trial, for all causes of action in which such damages are recoverable

5. For reasonable attorneys' fees pursuant to Government Code section 12965; Code of Civil Procedure sections 1021.5 and 218.51 and all other applicable statutes

6. For costs of suit herein incurred;

7. For such other and further relief as the Court may deem proper.

Dated:  June 21, 2019

WEISENBERG LAW
STEPHEN DANZ AND ASSOCIATES


Bruce E. Weisenberg
Attorneys for Plaintiff SHARIFA HASANI

19

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 20, 2019

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 201906-06574420
Right to Sue: Hasani / Walmart, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 20, 2019

Sharifa Hasani
5000 Totem Court
Antioch, California 94531

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201906-06574420
        Right to Sue: Hasani / Walmart, Inc.

Dear Sharifa Hasani,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 20, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Sharifa Hasani                                      DFEH No. 201906-06574420

                              Complainant,

vs.

Walmart, Inc.
702 SW 8th St.
Bentonville, Arkansas 72716

                              Respondents
_____

1. Respondent **Walmart, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Sharifa Hasani**, resides in the City of **Antioch** State of **California.**

3. Complainant alleges that on or about **January 9, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

-1-

Date Filed: June 20, 2019

1

**Additional Complaint Details:** 1.        Plaintiff SHARIFA HASANI began working
2  for Defendant WALMART in Antioch, California in September of 2007. Her
   employment was terminated on January 9, 2019.
3
   2.       In over 11 years, Plaintiff held different positions. She worked as a floor
4  associate from more than five years. She was given a raise and promoted to
   electronics sales associate, a position she held for more than four years.  She
5  received a raise with the promotion and regular positive reviews and raises. She
   worked in electronics for abourt five years
6
   3.       Plaintiff then worked selling credit cards in the front of the store, asking
7  arriving customers whether they were interested in applying for a credit card. Plaintiff
   performed well, as evidenced by excellent results, customer feedback, reviews, and
8  the regular bonuses she received in acknowledgment of her efforts. Pla
   4.       When Plaintiff's previous manager, Sue Gildert, was in charge of the store,
9  Plaintiff would receive a $10 bonus for every three credit card applications she would
10 complete. She received over $2000 in such bonuses. When the store's new general
   manager, Keith Samini, took over, he immediately eliminated all bonuses for credit
11 card sales. .
   5.       In November 2017, she asked for and was granted a two month leave of
12 absence for surgery and recovery.  She returned to work without incident on January
   1, 2018.
13
   6.       In August of 2018, Plaintiff was promoted again, this time to a customer
14 service position, where her job duties included processing merchandise returns,
   issuing money-grams, and otherwise addressing customer issues and problems.
15 7.       Plaintiff typically worked around just under 29-30 hours per week. She earned
   $14 per hour with no benefits.
16 8.       Throughout her employment, Plaintiff's work performance was exemplary.
17 She received raises every year. Her performance reviews were positive, including
   the last few years from both her old manager, Sue Geldert and her new manager,
18 Keith Samini.
   9.       In about September of 2018, Plaintiff asked Keith Samini if she could take a
19 few days off here and there for a few months because of debilitating depression and
   anxiety from family matters. She asked them for some time intermittent off during the
20 last few months of 2018.
   10.      Plaintiff was open and honest with both Sally Rodriguez and Keith Samini
21 about her sometimes-crippling anxiety and depression.
   11.      Defendant's third party leave-of-absence management vendor, Sedgewick,
22 denied her request on the basis that she did not qualify for FMLA or CFRA because
23 she had not worked 1250 hours during the previous year, in part because she had
   taken time off for her surgery during that year.
24 12.      In November of 2018, Plaintiff's brother died, causing her further depression.
25 She asked for a few days off to fly to Los Angeles to be with her family during the
   funeral.
26

27
28
Date Filed: June 20, 2019

13.     Per the instruction of Sally Rodriguez, Defendant's human resources manager, Plaintiff submitted her bereavement leave request directly to Defendant's third party leave-of-absence management vendor, Sedgewick.

14.     Ms. Rodriguez told Plaintiff that Sedgewick had denied the request on the basis that, during the holiday season, nobody is allowed to take a leave of absence.

15.     Plaintiff contacted Sedgewick to protest and further explain her request, but was told that Ms. Rodriguez had denied the leave request herself.

16.     On December 13, 2018, Plaintiff sent general manager Keith Samini a text message asking for a response to the voicemail she had earlier left Samini about her bereavement request. That text and voicemail went unanswered.

17.     While Plaintiff's bereavement leave was denied, she was unable to go to work. Nor did she go to Los Angeles.

18.     Defendant was aware of Plaintiff's anxiety regarding her family. Plaintiff's daughter also worked at the store. On several occasions, her husband would be in the parking lot, watching and waiting for her. There were several public fights and on a few occasions, security came to Plaintiff in the store to tell her that her son-in-law was striking her daughter in the parking lot.

19.     One night during late 2018, Plaintiff's son-in-law attacked and struck Plaintiff's daughter in the WALMART parking lot.  Two assistant managers – Christopher Byrd (who eventually conducted Plaintiff's termination) and Alvina Raiford – joined security guards, including Myleana Gumataotao-Stewart, outside to intercede. Plaintiff's daughter was terminated for her role in the incident.

20.     The next day Plaintiff texted assistant manager Alvina Raiford. She asked, "Did you see last night what is going on in my life? That's one reason I've been missing work."

21.     In addition to mental condition, plaintiff was physically injured three times. These injuries also caused her to miss work on several occasions.

22.     The first injury occurred in early 2018.  Plaintiff was on her way to the breakroom.  As she waited for the assistant manager, Tran, to pass, heh dropped a large box on her head.  Per company policy, she filed an incident report with Tran directly but did not go to doctor. Plaintiff's head hurt for a few days afterwards, but she did not stop work or file for workers' compensation.

23.     In early December of 2018, Ms. Plaintiff was injured again when a customer pushing a heavy cart filled with water and cases of beverages ran her over.  Plaintiff fell and had to be held up by a co-worker. She sustained a significant injury to her right hip, causing her to limp noticeably for a few weeks.

24.     Having been previously warned against filing a worker's compensation claim by other employees, she did not seek medical treatment or file a claim.

25.     Further, she asked for a seat so she could perform her duties without pain, but that request was denied by an assistant manager, Myneana. The refusal to provide suitable seating exacerbated her injury and slowed her recovery.

26.     On December 19, 2018, Plaintiff was walking out of the store immediately after punching out when her pants caught on a broken merchandise display table.

Date Filed: June 20, 2019

1    Plaintiff fell hard, sustaining injuries to her face, head, and knee. Again, she filed an incident report.

2    27.    The day after the incident, general manager Keith Samini saw Plaintiff and an

3    assistant manager walking towards the manager's office. He called her into his office.

4    28.    Mr. Samini discouraged Plaintiff from seeking medical treatment. Mr. Samimi said the entire store loses money every time an employee makes a workers'

5    compensation claim. He further explained that none of the sales associates would get their quarterly bonus if there were workers' compensation claims.

6    29.    Plaintiff remembers Mr. Samimi saying, "If one person gets injured and goes

7    to the doctor, everybody loses their bonus" and "the store loses $60,000 every time someone goes to e doctor with a workers' compensation claim" and "make sure you

8    don't go to the doctor!"

9    30.    When her knee continued bothering her, she tried to tell GM Keith Samini, but her voice requests went unanswered.

10    31.    On information and belief, Keith Samini complained about Plaintiff to market manager Michael Zobel, telling him that Plaintiff was a "problem employee" and

11    bothered him too much. Mr. Samini also told Mr. Zobel that he was sick and tired of Plaintiff's complaints about her health and her leave requests, and that Plaintiff "has

12    an issue every day"

13    32.    After she was terminated, Mr. Zobel admitted that Mr. Samini had told him he was sick of Plaintiff coming to his door, despite Mr. Samini's purported open door

14    policy.

15    33.    On January 9 2019, WALMART terminated her employment, purportedly for her attendance.

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

*Complaint – DFEH No. 201906-06574420*

Date Filed: June 20, 2019

1   VERIFICATION

2   I, **Bruce Weisenberg**, am the **Attorney** in the above-entitled complaint.  I have read
3   the foregoing complaint and know the contents thereof.   The matters alleged are
    based on information and belief, which I believe to be true.

4
    On June 20, 2019, I declare under penalty of perjury under the laws of the State of
5   California that the foregoing is true and correct.

6                                                                    **San Francisco, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                            -5-
27                              *Complaint – DFEH No. 201906-06574420*

28   Date Filed: June 20, 2019

# EXHIBIT B

7/5/19
2:30

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*
WALMART, INC., ~~Sam Han, and MJ~~
Does 1 through ~~~~

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHARIFA HASANI



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

JUN 24 2019

K. BREXER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
K. Vaquerano, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court for Contra Costa County<br><br>Wakefield Taylor Courthouse - Civil Division<br>725 Court Street Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso):* 19 - 01229 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bruce Weisenberg, Weisenberg Law 571A Arguello Blvd., San Francisco, CA 94118 415-553-0911

| | | | |
|---|---|---|---|
| DATE: JUN 24 2019<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | K. VAQUERANO | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* WalMart , Inc., a corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 7/5/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

1   **Gregory Spallas (SBN 129306)**
    **Kathleen J. Hall (SBN 320790)**
2   PHILLIPS SPALLAS & ANGSTADT LLP
    505 Sansome Street, 6th Floor
3   San Francisco, CA 94111
    Tel: (415) 278-9400
4   Fax: (415) 278-9411

5   Attorneys for Defendant
    WALMART, INC.





FILED
AUG 5 2019
K. BICKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
H. Post, Deputy Clerk

6

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9               **IN AND FOR THE COUNTY OF CONTRA COSTA**

10  **SHARIFA HASANI , an individual,**          **Case No: C19-01229**

11                  **Plaintiff,**               **DEFENDANT WALMART, INC.'S**
                                                 **ANSWER TO PLAINTIFF'S**
12          **vs.**                              **COMPLAINT AND DEMAND FOR**
                                                 **JURY TRIAL**
13  **WALMART, INC., a corporation, and**
    **DOES 1 through 25,**
14
                    **Defendants.**
15

16

17          COMES NOW Defendant WALMART, INC. and answers Plaintiff's Original Complaint

18  on file herein for itself and no other Defendant as follows: Defendant generally and specifically

19  denies each and every, all and singular, allegation contained in the Complaint, and in each cause of

20  action thereof. Defendant further denies that Plaintiff has been injured or damaged in any sum, or

21  at all, by reason of any act or omission on the part of this answering Defendant or of its agents or

22  employees, if any.

23                        **FIRST AFFIRMATIVE DEFENSE**

24          The Complaint, and each and every cause of action alleged therein fails to state facts

25  sufficient to constitute a cause of action for which relief may be granted.

26                        **SECOND AFFIRMATIVE DEFENSE**

27          The Complaint, and each and every cause of action alleged therein, is barred, or any damages

28

                                                 1
    ─────────────────────────────────────────────────────────────────────
    DEFENDANT WALMART, INC.'S ANSWER TO PLAITNIFF'S COMPLAINT

reduced, by after-acquired evidence.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged there in, is barred by the avoidable consequences doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

## SIXTH AFFIRMATIVE DEFENSE

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred in that any award of restitution would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars

or reduces any claims, losses, or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## TWELFTH AFFIRMATIVE DEFENSE

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to Business & Professions Code section 17200 et seq., Plaintiff is not entitled to an award of damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to any penalty, including but not limited to, penalties awarded under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5. and IWC Order No. 12-2000, because, at all relevant times, Defendant did not willfully fail to comply with the compensation provisions of California law, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such

3

employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was not a covered employer at the time the alleged wrongful conduct occurred.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

### TWENTIETH AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was excused from a providing a reasonable accommodation as the reasonable accommodation required would create an undue hardship for Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and

Professions Code section 17208.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-2000, and any award of such penalties or damages would, in general or under the facts of Plaintiff's particular claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to amend its answer herein, including the addition of affirmative defenses, after pleading and discovery in preparation for trial.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in the above-entitled matter.

DATED: ~~July ___, 2019~~ August 1, 2019

PHILLIPS SPALLAS & ANGSTADT LLP

Gregory L. Spallas
Kathleen J. Hall
Attorneys for Defendant
WALMART, INC.

DEFENDANT WALMART, INC.'S ANSWER TO PLAITNIFF'S COMPLAINT

# **EXHIBIT D**

| | |
|---|---|
| **From:** | Bruce Weisenberg |
| **To:** | Katie Hall |
| **Cc:** | Greg Spallas |
| **Subject:** | Hasani v. Walmart - E-Discovery PO and settlement offer |
| **Date:** | Tuesday, January 21, 2020 9:12:09 AM |
| **Attachments:** | image001.png |
| | Hasani_Sharifa_Protective Order.100419_bw sig.pdf |

Privileged and confidential settlement communication

Katie and Greg,



I have discussed settlement with my client. It appears from discovery and the depo that she has lost approximately $20,000 in lost income, using 2x LOE for emotional distress damages, and including attorney fees and costs to date, she'd be made whole with a settlement of $102,000 which I have authority to offer at this time.

Bruce

**From:** Katie Hall [mailto:khall@psalaw.net]
**Sent:** Thursday, January 16, 2020 8:38 AM
**To:** Bruce Weisenberg <bruce@weisenberg.legal>
**Subject:** Hasani v. Walmart - E-Discovery





Thank you,

**Katie Hall**
Associate Attorney



San Francisco | Las Vegas | Los Angeles | Napa Valley

505 Sansome Street, 6th Floor
San Francisco, CA  94111

t 415-278-9400
f 415-278-9411
khall@psalaw.net
vizCard
www.psalaw.net

This communication may contain confidential and privileged material for the sole use of the intended recipient.  Receipt by anyone else does not constitute a loss of the confidential or privileged nature of the communication. Any review by or disclosure to another is prohibited. If you received this communication in error, please delete all copies and notify me.

## PROOF OF SERVICE

*Sharifa Hasani v. Walmart, Inc.*

***United States District Court, Northern District of California, Fed Case no.: To Be Assigned***

**Superior Court of California-Contra Costa Case no.: C19-01229**

I am a citizen of the United States and a resident of the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my business address is 505 Sansome St, Sixth Floor, San Francisco, CA 94111.

_____X_____      On the date indicated below, I served the document(s) designated below on all parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office in accordance with ordinary business practices for deposit with the United States Postal Service in San Francisco, California. I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

_____      On the date indicated below, I served the document(s) designated below by transmitting a true copy thereof from facsimile number (415) 278-9411 to the facsimile number(s) listed below, pursuant to California Rule of Court 2008. I hereby certify that there was no error in transmission, that the transmission was reported and complete, and that a transmission report was properly issued by sender's facsimile machine.

**DOCUMENT(S) SERVED:**

1.      **DEFENDANT WALMART INC.'S PETITION FOR REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(b) [DIVERSITY]**

**Bruce Weisenberg**                   **Stephen Danz**
**Weisenberg Law**                      **Stephen Danz & Associates**
571A Arguelio Blvd.                     1161 San Vincente Blvd., Suite 500
San Francisco, CA 94118            Los Angeles, CA 90049

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 20, 2019, at San Francisco, California.

Michele Cole